UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JTM CLOTHING, INC., a California Corporation dba FASHION TIME, JAE HYUNG KIM, an individual; and DOES 1 – 10, inclusive,<br><br>Defendants. | CASE NO. CV 12-4670 ODW (FMOx)<br><br>**ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**<br><br>**Hon. Otis D. Wright** |

Plaintiff Chrome Hearts, LLC and Defendants JTM Clothing, Inc. dba Fashion Time and Jae Hyung Kim have entered into a Settlement Agreement and Mutual Release as to the claims in the above-referenced matter. Accordingly, it is hereby **ORDERED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks"). Among the Chrome Hearts Marks, the CH Plus Mark and the CH Cross Mark (depicted below) are

the most well recognized and serve as instant source identifiers for Chrome Hearts' products.

        

**CH Plus Mark**                                    **CH Cross Mark**

Chrome Hearts owns several trademark registrations for both the CH Plus Mark and CH Cross Mark for various goods and services, including *but not limited to* U.S. Reg. Nos. 3,731,400 (for CH Plus Mark on eyewear) and 3,731,397 (for CH Cross Mark on eyewear).

3. In addition to owning numerous trademark registrations to the Chrome Hearts Marks, Plaintiff also owns several copyright registrations thereto, including the following: CH Cross Mark (U.S. Copyright Reg. No. VA 705-193) and the CH Plus Mark ("Cross # 4" of Reg. No. VA 705-233) (hereinafter collectively "Copyrighted Works").

4. Plaintiff has alleged that Defendants, with one product or more, have violated Plaintiff's rights in and to one or more of its trademarks or copyrighted works (collectively "Disputed Products"), and that said alleged infringing activities constitute trademark infringement, trademark dilution, copyright infringement and unfair competition under federal and state law.

5. Defendants and their agents, servants, employees, and all persons in active concert and participation with them who receive actual notice of this Final Consent Judgment are hereby permanently restrained and enjoined from infringing upon Plaintiff's trademarks either directly or contributorily in any manner, including:

(a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping ,or marketing Disputed Products or any other products bearing a mark or

feature identical or confusingly similar to Plaintiff's Chrome Hearts' trademarks or copyrighted works;

  (b) Delivering, holding for sale, returning, transferring, or otherwise moving, storing, or disposing in any manner the Disputed Products except as otherwise permitted by the parties Settlement Agreement;

  (c) Using the Chrome Hearts Marks or Copyrighted Works or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale, or sale of merchandise comprising not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise;

  (d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine merchandise or associated with Plaintiff in any way;

  (e) Assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

 6. Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

 7. The execution of this Consent Judgment shall serve to bind and obligate the parties hereto.

 8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

November 27, 2012

             _____
             Hon. Otis D. Wright, II
             **United States District Judge**